JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL CANNON,<br><br>               Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | Case No. 5:19-cv-02337-FLA (SPx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECOVER PROPERTY [DKTS. 1, 12, 55]** |

**RULING**

Before the court is Plaintiff Lionel Cannon's ("Plaintiff") Motion to Reverse Forfeiture Judgment ("Motion").[1]  Dkt. 1.  Defendant the United States of America ("Defendant" or the "government") opposes the Motion.  Dkt. 55 ("Opp'n").  Plaintiff initiated this action by filing the instant Motion on December 5, 2019.  Dkt. 1.  The matter was transferred to this court on December 29, 2020.  Dkt. 15.

For the reasons stated herein, the court DENIES Plaintiff's Motion (Dkt. 1).

**BACKGROUND**

**A. Underlying Seizure of Currency in Criminal Case**

On August 19, 2014, Federal Bureau of Investigation ("FBI") Special Agent ("SA") Scott Bowman ("Bowman") conducted a search of Plaintiff's mother's residence in San Bernardino, California ("San Bernardino residence"), pursuant to a lawful search warrant.  Dkt. 12 at 2.[2]  During the search, SA Bowman seized United States currency from a safe in Plaintiff's bedroom closet in the San Bernardino residence.  *Id.*  No official count of the currency was conducted at the search location.  *Id.*  SA Bowman, instead, transported the seized currency to the FBI office in Riverside, California, for overnight storage, and thereafter retrieved an evidence bag containing the currency for delivery to an official cash-counting facility.  *Id.*  Before delivery of the currency to the facility, however, SA Bowman stole some amount of currency from the evidence bag, and left $366,800.00 in cash to be counted at the facility.  *Id.*  SA Bowman completed a report on the seizure that stated the amount of currency seized was $366,800.00.  *Id.*

---

[1] Plaintiff's Motion is styled "Motion to Reverse Forfeiture Judgment."  Dkt. 1.  The court has noted previously that the content of the Motion makes clear Plaintiff does not seek return of property forfeited, but instead seeks the return of property seized, but not forfeited.  Dkt. 12.  Accordingly, the court deems the Motion a Motion to Return Property pursuant to Federal Rule of Criminal Procedure 41(g).

[2] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

In November 2014, Plaintiff was indicted for federal drug trafficking offenses. *Id.* The indictment included a forfeiture allegation, requiring Plaintiff to forfeit "property seized on August 19, 2014 from [the San Bernardino residence]: $366,800 in U.S. currency" upon conviction of the offenses charged. *Id.*; Dkt. 55-1 at 13. Plaintiff ultimately entered into a plea agreement and agreed to forfeit, *inter alia*, the $366,800.000 in currency. *Id.*; Dkt. 55-1 at 16.

In 2015, SA Bowman was indicted on charges relating to his theft of the currency and pleaded guilty to the offenses charged. Dkt. 12 at 2.

## B. November 12, 2020 Order

On November 12, 2020, the court issued an order ("November 2020 Order") granting the Motion in part "to the extent it request[ed] compensation for money not forfeited or subject to forfeiture which was seized by the United States." Dkt. 12 at 5.[3] The November 2020 Order recognized "there exists some sum of money seized from [Plaintiff] which [he] did not forfeit as part of his plea," but that Plaintiff was "not entitled to property that [was] contraband or subject to forfeiture." *Id.* at 4 (internal quotations omitted). Stated differently, cash seized but not properly forfeited is nonetheless subject to forfeiture if generated or obtained through Plaintiff's unlawful activities. *See id.*; 21 U.S.C. § 853. The November 2020 Order declined to decide whether the property in question was in fact subject to forfeiture, and ordered Plaintiff to: 1) present more evidence on the amount of money seized by the United States but not forfeited as part of Plaintiff's plea agreement; and 2) provide supplemental briefing on "the issue of whether the money at issue [was] contraband or subject to forfeiture." *Id.* at 5.

---

[3] Plaintiff's Motion additionally raised several unrelated claims, including inability to hire legal counsel of his choice and an alleged conspiracy to defraud his family. Dkt. 1; *see also* Dkt. 12 at 3. The court denied Plaintiff's Motion as to these unrelated claims. Dkt. 12 at 5.

Plaintiff subsequently provided additional briefing as to the sum and lawfulness of the currency at issue.  Dkts. 18, 19.  Defendant opposed Plaintiff's Motion, and Plaintiff thereafter filed a Reply.  Dkts. 55 ("Opp'n"),[4] 66 ("Reply").

## DISCUSSION

### I.   Legal Standard

#### A. Rule 41(g) Motion for Recovery of Property

Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)") states, a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Where the property in question "is no longer needed for evidentiary purposes, either because trial is complete, [or] the defendant has pleaded guilty … [t]he person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property."  *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987) (internal citations omitted).  However, a Rule 41(g) motion may be denied if the person seeking retrieval of the property "is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues."  *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991).

#### B. Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The substantive law determines which facts are material; only disputes over facts that might affect the outcome of the suit under the governing law properly preclude the entry of summary judgment."  *Nat'l Ass'n of Optometrists & Opticians v.*

---

[4] Defendant previously opposed Plaintiff's Motion (Dkt. 8), and subsequently filed another opposition brief in response to Plaintiff's supplemental briefing (Dkt. 55).

*Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets its initial burden, the opposing party must then set forth specific facts showing there is a genuine issue for trial.  *Anderson*, 477 U.S. at 248–49.  A party cannot defeat summary judgment based solely on the allegations or denials of the pleadings, conclusory statements, or unsupported conjecture. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).  Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"If the nonmoving party produces direct evidence of a material fact, the court may not assess the credibility of this evidence nor weigh against it any conflicting evidence presented by the moving party."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  Inferences may be drawn from underlying facts that are either not in dispute or that may be resolved at trial in favor of the nonmoving party, but only if they are "rational" or "reasonable" and otherwise permissible under the governing substantive law.  *Id.*  The court must view all evidence and justifiable inferences "in the light most favorable to the nonmoving party."  *Id.* at 630–31.

/ / /

/ / /

## II.    Analysis

At issue is whether the $218,200 in question is subject to forfeiture.[5]  As a threshold matter, the court must determine which party bears the burden of establishing the legitimacy of the currency at issue, or lack thereof, and the standard by which the party must so do.

First, though the November 2020 Order directed Plaintiff to provide supplemental information as to the source of the money stolen, the burden of establishing lawful title to the money nonetheless remains with Defendant.  *See Martinson*, 809 F.2d at 1369-79 ("[W]hen the property in question is no longer needed for evidentiary purposes … [t]he person from whom the property is seized is presumed to have a right to its return, and *the government has the burden of demonstrating that it has a legitimate reason to retain the property*.") (emphasis added).

Second, where a Rule 41(g) motion is filed when no criminal proceeding is pending, as is the case here, "the motion is treated as a civil complaint seeking equitable relief."  *United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003); *see also United States v. Marolf*, 173 F.3d 1213, 1216 (9th Cir. 1999) ("Rule 41(e) motions are treated as proceedings in equity when there are no criminal proceedings pending against the movant.");[6] *Martinson*, 809 F.2d at 1367 ("Such motions are treated as civil equitable proceedings even if styled as being pursuant to Fed. R. Crim. P. 41(e).").  Defendant's Opposition, therefore, may be treated either as a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), or a motion for summary judgment under Federal Rule of Civil Procedure 56.  *Ritchie*, 342 F.3d at 907-09.  "When ruling on a Rule

---

[5] The parties do not meaningfully dispute the amount of money in question—that is, the sum of money seized, but not forfeited.  *See* Reply at 6.

[6] Federal Rule of Criminal Procedure 41(g) was previously codified at Federal Rule of Criminal Procedure 41(e).

12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *Id.* at 907.

Here, Defendant filed nine exhibits in support of its Opposition, including declarations and accompanying documents by Department of Justice and FBI agents. *See* Dkt. 55-1. Because these records were not attached to the complaint (here, Plaintiff's Motion) or subject to judicial notice, Defendant's Opposition is treated as a motion for summary judgment, and Plaintiff's Reply constitutes his response. *See Ritchie*, 342 F.3d at 907; *see also* Reply at 11-12 (arguing "the government's Opposition must be treated as a motion for summary judgment").

### A. Whether Currency at Issue is Subject to Forfeiture

Having determined the applicable burden of proof and legal standard, the court focuses on whether there exists a genuine issue of material fact as to whether the $218,200 seized, but not forfeited, in Plaintiff's criminal case is contraband.[7] Defendant argues Plaintiff has "fail[ed] to show that the stolen currency was anything other than narcotics proceeds," and relies primarily on Plaintiff's responses to interrogatories asking him to identify the sources and origins of the currency to which he claims ownership. Opp'n at 17. Specifically, Defendant notes Plaintiff was unable to identify any documents, records, or information supporting his responses, or explaining why such income "would otherwise have ended up as cash in a safe in his

---

[7] To the extent Plaintiff argues United States currency itself cannot be contraband, the court rejects this argument. Though currency is not contraband *per se*, derivative contraband is that which "may be lawfully possessed but [becomes] unlawful due to [its] use or intended use." *United States v. Kaczynski*, 551 F.3d 1120, 1129 (9th Cir. 2009); *see also* 21 U.S.C. § 881(a)(6) ("The following shall be subject to forfeiture to the United States and no property right shall exist in them … (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance … [and] all proceeds traceable to such an exchange …").

mother's home in California."  Opp'n at 13, 17.  Plaintiff contends he has demonstrated a genuine dispute of material fact as to the validity of his income sources, and that Defendant improperly "disputes [Plaintiff's] credibility regarding" the source of the currency, based on Plaintiff's criminal history.  Reply at 15.

As Defendant notes, Plaintiff's interrogatory responses merely describe general categories of income such as sales of two vehicles, gifts from several individuals, and wages as a personal trainer (Dkt. 55-1 at 29-31) without any substantiating documentation or evidence.  For example, Plaintiff states he earned wages while working in prison and as a personal trainer, but does not indicate how much income is attributable to these jobs.  *Id.* at 30-31.  Rather, Plaintiff responds only that he "received payment for his work," or that he "earned $30-32 per hour from his private clients" without further elaboration as to the number of clients retained or hours worked.  *Id.*  Additionally, Plaintiff claims to have received gifts totaling $8,000 from four individuals (*id.* at 30), but does not detail his relationship with the individuals, or provide attestations or contact information for these individuals to corroborate receipt of these gifts.

On Reply, Plaintiff offers a self-serving declaration, largely reiterating his responses to Defendant's interrogatories, and claiming "[m]oney from the above sources was placed in the safe at [Plaintiff's] mother's house."  Reply at 14-15.  Though Plaintiff now supplements his responses by adding he earned $5,500 from "various jobs he held in the Bureau of Prisons," and that he can recall "at least 6 private clients" for whom he worked as a personal trainer, this is nonetheless insufficient as it does not specify what jobs he held at the Bureau of Prisons or the number of hours he worked as a personal trainer, or provide other corroborating evidence.  Moreover, a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

8

Notably, too, the indictment in Plaintiff's criminal case contained a forfeiture allegation requiring Plaintiff to forfeit "property seized on August 19, 2014 from [the San Bernardino residence]: $366,800 in U.S. currency," upon conviction of the offense charged.  Dkt. 55-1 at 13.  Pursuant to the indictment, Plaintiff entered into a plea agreement, through which he acknowledged that certain property, "including but not limited to … $366,800.00 in U.S. currency … constituted proceeds of the offense of drug trafficking and/or was property used or intended to be used to facilitate the commission of that offense[]." *Id.* at 16.

Plaintiff's admissions support an inference that he agreed to forfeit *all* property seized from the safe in his mother's house, which the government incorrectly assumed to be $366,800.00 when the indictment was returned, and wrongly stated in the plea agreement.  Plaintiff does not argue, much less provide evidence, that he agreed only to forfeit some, specific portion of the currency seized from the safe, but affirmatively declined to forfeit title to some separate, lawfully earned portion.  Despite the misstatement of the amount seized due to SA Bowman's theft, and the government's failure to update the total amount in the plea agreement, Plaintiff has not provided evidence supporting his claims as to the source of the money, or tending to show Plaintiff previously claimed only some specific portion of the money seized was forfeitable.  Accordingly, Plaintiff has not raised sufficiently a genuine issue of fact by which a jury could conclude the portion of the money taken by SA Bowman had been earned through lawful means and was "clean" as a result, while the remaining $366,800 was tainted.

/ / /

/ / /

/ / /

**CONCLUSION**

For the aforementioned reasons, the court DENIES Plaintiff's Motion for Recovery of Property (Dkt. 1), or, in the alternative, GRANTS Defendant's Motion for Summary Judgment (Dkt. 55).  The court further DENIES Plaintiff's Motions to Compel the Government to Comply with this Court's Order (Dkt. 12) as moot.  Dkts. 68, 69.  This Order shall constitute notice of entry of judgment pursuant to Fed. R. Civ. P. 58.  Pursuant to Local Rule 58-6, the court ORDERS the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.

Dated: February 12, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

10